UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE F. PRATHER, | ) | Case No. 1:06CV0765 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | (Magistrate Judge McHargh) |
| | ) | |
| STUART HUDSON, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | ORDER |
| | ) | |

McHargh, M.J.

Presently before the court are two motions: 1) requesting that the court order production of the trial transcript of proceedings (doc. 12), and 2) requesting an extension of time to file petitioner's traverse (doc. 13).

As to the first motion, petitioner pro se Prather claims that the transcript is necessary to support his claims for habeas relief. In his petition, Prather contends that his conviction for murder is against the manifest weight of the evidence, that his conviction was a result of prosecutorial misconduct, ineffective assistance of counsel, and improperly admitted evidence. (Doc. 1, at §12.)

Rule 7 of the Rules Governing Section 2254 Cases permits federal habeas courts to direct the parties to supplement the state court record with materials relevant to the resolution of the petition. The decision whether to order an expansion of the record under Rule 7 is within the sound discretion of the district

court. Ashworth v. Bagley, No. C-2-00-1322, 2002 WL 485003, at *11 (S.D. Ohio Mar. 28, 2002) (citing Ford v. Seabold, 841 F.2d 677, 691 (6th Cir.), cert. denied, 488 U.S. 928 (1988)). However, expansion of the record must not undermine the presumption of correctness of any factual finding made by the state courts. Id. at *13 (citing 28 U.S.C. § 2254(e)(1)).

A manifest weight of the evidence claim concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546 (1997) (quoting Black's Law Dictionary (6 ed. 1990) at 1594). When reviewing a weight of the evidence claim, an appellate court sits as a "thirteenth juror," and reviews the jury's resolution of conflicting testimony. Tibbs v. Florida, 457 U.S. 31, 42 (1982). In the federal habeas context, this is outside the proper role of the habeas court. The jury is the sole finder of fact in a jury trial, and the jury determines the credibility of witnesses. United States v. Adamo, 742 F.2d 927, 934-935 (6th Cir. 1984), cert. denied, 469 U.S. 1193 (1985).

Moreover, the claim that Prather's conviction was against the manifest weight of the evidence is a state law issue, and a federal habeas court has no power to grant habeas relief on the basis that a state conviction is against the weight of the evidence. Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986); Cameron v. Birkett, 348 F.Supp.2d 825, 838 (E.D. Mich. 2004) (citing cases). Similarly, the "clearly established rule" is that errors of state law, "especially rulings regarding the admission or exclusion of evidence," are not within

the purview of a federal habeas court. Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir. 1988). See also Johnson v. Karnes, 198 F.3d 589, 593 n.3 (6th Cir. 1999) (citing Estelle v. McGuire, 502 U.S. 62 (1991)).

> In addition, the respondent states:
>
> Since the state court decisions have accurately provided quotes of the relevant portion of the trial court transcripts, Respondent's counsel has not provided a separate copy of the trial court transcript due to its multi-volume nature and in light of the arguments Respondent has made requesting dismissal of Prather's federal habeas corpus petition. Should this honorable Court determine the entire transcript or portions of the transcript are required, counsel for Respondent will provide it.

(Doc. 9, at 21 n.5.) (The respondent contends that the petition is barred in part by procedural default.)

The petitioner has not stated the need for any portions of the transcript which are not already in the record. See generally doc. 12. In addition, several of Prather's claims are facially non-cognizable. The motion to expand the record (doc. 12) is denied.

On Sept. 14, Prather moved for an extension of time to file his traverse, and the court granted an extension until Dec. 8, 2006. (Doc. 11.) At that time, the court noted that no further extensions would be granted, absent a showing of good cause.

3

However, the court will grant one additional extension. The petitioner shall file his traverse on or before Friday, December 29, 2006.

IT IS SO ORDERED.

<u>Dec. 5, 2006</u>        <u>/s/ Kenneth S. McHargh</u>
                                                              Kenneth S. McHargh
                                                              United States Magistrate Judge